RUTAN & TUCKER, LLP
Mark B. Frazier (State Bar No. 107221)
mfrazier@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
18575 Jamboree Rd., 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
WEBER METALS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBER METALS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>HM DUNN COMPANY, INC., a Delaware corporation,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>   **1. BREACH OF CONTRACT;**<br>   **2. QUANTUM MERUIT;**<br>   **3. ACCOUNT STATED;**<br>   **4. OPEN BOOK ACCOUNT**<br><br>**DEMAND FOR JURY TRIAL** |

2530/019727-0029
16363266.1 a04/14/21

COMPLAINT

Plaintiff Weber Metals, Inc. ("Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff is now, and at all relevant times herein mentioned was, a California corporation with its principal place of business in Paramount, Los Angeles County, California.

2. Plaintiff is informed and believes and based thereon alleges that defendant HM Dunn Company, Inc. ("Defendant") is now, and at all relevant times herein mentioned was, a Delaware corporation with its principal place of business in Kansas that regularly conducts business in Los Angeles County, California, including with regard to the transactions at issue in this case.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims stated herein occurred in this District, including that the contract at issue was to be performed in this District. Specifically, Plaintiff's performance occurred in this District and Defendant's payment to Plaintiff was to occur in this District.

## OPERATIVE FACTS

5. Plaintiff is a forging company with its facility in Paramount, California that forges metal components for use in, among other things, aerospace applications, including aircraft. Defendant is a machining company that manufactures, among other things, finished components for use in aerospace applications, including aircraft.

6. Defendant hired Plaintiff to forge components made of certain metal alloys according to certain specifications for use in airplane components that Defendant was to manufacture for Spirit Aerosystems. Defendant required Plaintiff

to forge the components to certain specifications that could only be used for the components specified by Defendant and such components would not be useable for any other purpose or for any other customer.

7. On or about September 21, 2016, Defendant issued Purchase Order S000221 ("PO S000221") to Plaintiff, pursuant to which Defendant ordered 135 units of forged components from Plaintiff at a unit price of $4,837.98, for a total price of $653,127.30. A copy of PO S000221 is attached hereto as Exhibit A.

8. On or about March 14, 2018, Defendant issued purchase order R003442 ("PO R003442") to Plaintiff, pursuant to which Defendant ordered 92 units of forged components from Plaintiff at a unit price of $4,837.98, for a total price of $445,094.16. A copy of PO R003442 is attached hereto as Exhibit B.

9. Both PO S000221 and PO R003442 stated "F.O.B. Origin" and "Terms Net 30," meaning that Plaintiff's performance was concluded upon completion of the forging of the products ordered and notification to Defendant that the units were ready for pick up. Defendant was responsible for picking up the units from Plaintiff's place of business in Paramount, California and was required to pay Plaintiff within 30 days of notice that the components were ready for pick up. Plaintiff completed the manufacturing of the units Defendant ordered as reflected in PO S000221 and PO R003442 and on October 9, 2018, Plaintiff notified Defendant that they were ready for pick up.

10. Defendant never claimed, and cannot legitimately claim, that any of the units are nonconforming or defective in any way, yet Defendant refused to pick up 27 units from PO R003442 and 110 units on PO S000221, and refused to pay Plaintiff for those units because Defendant claims that Spirit Aerosystems no longer needed the units. However, Defendant did not timely cancel its orders or otherwise notify Plaintiff prior to Plaintiff's manufacture of the components that the units were no longer needed by Spirit Aerosystems.

11. Defendant received and paid for some of the components, but presently, Defendant still owes Plaintiff $130,625.46 on PO R003442 and $532,177.80 on PO S000221, for a total of $662,803.26, plus interest. Plaintiff is unable to sell the units to anyone else to mitigate its damages, given the units were made pursuant to the particular specifications provided by Defendant.

## COUNT I

### (Breach of Contract)

12. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though set forth in full.

13. Plaintiff and Defendant are parties to a written agreement as reflected in PO S000221 and PO R003442 whereby Plaintiff agreed to forge components and did forge components for Defendant in exchange for Defendant's agreement to pay Plaintiff $4,837.98 per component unit.

14. Plaintiff performed all terms and conditions required of it under the agreement.

15. In breach of the agreement, Defendant failed to pay Plaintiff $662,803.26 for 137 units on PO S000221 and PO R003442. As a direct result of Defendant's breach, Plaintiff was damaged in the amount of $662,803.26 plus interest, which continues to accrue.

16. Pursuant to California Commercial Code section 2709(b), Plaintiff is entitled to the full $662,803.26 because the units were made pursuant to Defendant's specifications and cannot be resold to other customers.

## COUNT II

### (Quantum Meruit)

17. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though set forth in full.

18. Defendant requested that Plaintiff provide Defendant goods for Defendant's benefit.

19. Plaintiff manufactured the goods for Defendant's benefit as requested.

20. Defendant has not paid Plaintiff for the goods rendered per Defendant's request.

21. The reasonable value of the goods rendered to Defendants is $662,803.26 plus interest.

## COUNT III

### (Account Stated)

22. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though set forth in full.

23. Plaintiff and Defendant had a series of business transactions whereby Plaintiff provided goods to Defendant, who was then supposed to pay Plaintiff for the value of those goods.

24. Plaintiff kept an account of the debits (amounts incurred by Defendant for goods Plaintiff rendered) and credits (payments made by Defendant) related to the transactions.

25. Defendant, by its words and conduct, including by issuing PO S000221 and PO R003442 and requesting Plaintiff's goods thereby, agreed that it owes $662,803.26 plus interest.

26. Defendant has not paid Plaintiff the amounts owed under these accounts.

## COUNT IV

### (Open Book Account)

27. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though set forth in full.

28. Plaintiff and Defendant had a series of business transactions whereby Plaintiff provided goods to Defendant, who was then supposed to pay Plaintiff for the value of those goods.

29. Plaintiff kept an account of the debits (amounts incurred by Defendant

for goods Plaintiff rendered) and credits (payments made by Defendant) related to the transactions.

30. According to this account, Defendant owes Plaintiff $662,803.26 plus interest.

31. Defendant has not paid Plaintiff the amounts owed under these accounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment and any appropriate orders in its favor and against Defendant as follows:

1. For damages in the amount of $662,803.26 plus interest, or as otherwise proved at trial;

2. For attorneys' fees and costs to the extent provided by applicable law;

3. For prejudgment interest in the maximum amount allowed by law from the date such damages became due; and

4. For such further relief as the Court in its discretion deems just and appropriate.

Dated: April 14, 2021        RUTAN & TUCKER, LLP

By:   */s/ Proud Usahacharoenporn*
      Proud Usahacharoenporn
      Attorneys for Plaintiff WEBER METALS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 14, 2021                              RUTAN & TUCKER, LLP

                                          By:    */s/ Proud Usahacharoenporn*
                                                 Proud Usahacharoenporn
                                                 Attorneys for Plaintiff WEBER
                                                 METALS, INC.